James A. Arnold
  Adm.

  vs.     PA. A. No. 659

Probate Court of the
  City of Pawtucket

OPINION

September 18, 1918

TANNER, P. J. This is an appeal from the decision of the Probate Court denying the Appellant's petition for leave to sell real estate of decedent, to pay debts. The case is here upon an agreed statement of facts. The party opposing the appeal is a woman to whom the former administrator of William J. Arnold sold the real estate in question. The former administrator was the wife of the decedent William J. Arnold, and she allowed the estate to be sold at a tax sale, took title from someone who evidently bought it in her interest, and then sold it to the present holder.

One objection raised against permitting the estate to be sold is, that under the will of said William J. Arnold his wife was the residuary legatee. and that therefore the bond to pay debts and legacies filed by her, takes the place of the real estate in question for the purpose of paying debts. This involves a construction of the will of William J. Arnold, which left his property to his wife: "so long as she shall be my widow and no longer." Under the best authorities we think that such a devise would give only a life estate, and that therefore the widow would not be the residuary legatee. Our attention is called to Squires v Harvey, 16 R. I. 226, which it is claimed decides to the contrary. It is not however clear to us that that decision is to the contrary. It may be as claimed by the appellant, that that decision was based upon other clauses in the will which apparently made the widow a residuary legatee, notwithstanding the limitation to widowhood.

It is also claimed by the Appellee that she has been in possession for the statutory period and that therefore a suit against her for possession would not lie. We are hearing the case upon a some-

what vague and concise statement of facts, and it is not clear that a claim of statutory possession can be supported by possession which was taken and apparently held under a deed which might upon a full hearing turn out to be void.

226

On the whole, considering the fact that an action of ejection would be at the expense of the administrator himself who seeks to obtain the sale, not at the expense of the estate or creditors in case of failure, we think that the most orderly method of trying the questions involved would be to grant the leave to sell and allow the questions of law and the facts to be raised in a direct suit for that purpose.

The appeal is therefore sustained.

For appellant: Thos. Curran and John W. Daniels.

For appellee: Thomas P. Corcoran.